IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEBRA D. HANIGAN, *individually, and as a representative of a Class of Participants and Beneficiaries of the Bechtel Trust and Thrift Plan*, | ) ) ) ) ) |
| *Plaintiff*, | ) Civil Action No. 1:24-cv-00875 (AJT/LRV) ) ) |
| v. | ) ) |
| BECHTEL GLOBAL CORPORATION, *et al.*, | ) ) ) |
| *Defendants*. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bechtel Global Corporation, Defendant Bechtel Global Corporation, Board of Directors, and Bechtel Trust & Thrift Plan Committee's (collectively "Defendants") Motion to Dismiss Plaintiff's Amended Complaint, [Doc. No. 25] (the "Motion"). For the reasons stated below, the Motion is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** with leave to file a second amended complaint within 15 days of this Order.

**I. BACKGROUND**

Plaintiff alleges the following in her Amended Complaint:[1]

Defendant Bechtel Global Corporation ("Bechtel") is an engineering, procurement, construction, and project management company headquartered in Reston, Virginia. [Doc. No. 21] ¶ 35. Bechtel and the Board of Directors of Bechtel Global Corporation ("Board of Directors")

---

[1] At oral argument, Plaintiff's counsel made various arguments which referenced documents that were produced during discovery that allegedly support Plaintiff's allegations. However, the Court may not—and did not—consider any of these allegations in ruling on the present Motion. *See* FED. R. CIV. P. 12(d); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011) (discussing that the district court erred in accepting statements made at oral argument as part of the pleadings in ruling on a motion to dismiss).

1

sponsor the Bechtel Trust and Thrift Plan ("the Plan"), a 401(k)-contribution retirement plan provided to Bechtel's employees. *Id.* ¶¶ 7-8. The Bechtel Trust & Thrift Plan Committee ("the Plan Committee") administers the Plan. *Id.* ¶ 9. Plaintiff Debra A. Hanigan ("Hanigan") was a Plan participant until her retirement in July 2023. *Id.* ¶¶ 10, 25, 28.

At Bechtel, if an employee does not opt-in to a different 401(k) plan, Plan participants are defaulted into a qualified default investment alternative ("QDIA") managed account ("MA") program titled the Professional Management Program ("PMP"). *Id.* ¶¶ 11, 43.[2] The MA PMP is operated by Empower Advisory Group ("EAG"), a subsidiary of Empower Annuity Insurance Company of America ("Empower"). *Id.* ¶ 11. Empower also serves as the Plan's recordkeeper. *Id.* at 3 n.2.

Hanigan alleges that the MA PMP plan requires participants to pay significantly higher administrative fees than other kinds of QDIA plans, such as target-date funds ("TDFs"), *id.* ¶¶ 13, 15, even though the asset allocations between the MA PMP plan and a TDF plan are very similar when a Plan participant does not provide personalized information. *Id.* ¶ 15. Hanigan alleges the Plan's yearly "administrative fee" per participant is approximately $348. *Id.* ¶¶ 108, 112. This fee includes a $24 recordkeeping fee and additional PMP fee, which is calculated as a percentage of the assets in an employee's account.[3] *Id.* ¶ 102. The Amended Complaint refers to the recordkeeping fee and PMP fee jointly as "administrative fees." Hanigan compares the Plan's costs against the administrative fees for five other purportedly similarly situated TDF plans. *Id.* at 21. The administrative fees for these other plans are $33 to $44 per participant. *Id.* ¶ 113. This amount does not include any underlying investment fees or other costs associated with the plans. *Id.* ¶ 110.

---

[2] Plaintiff was only automatically defaulted in the MA PMP program from 2018 to 2020, before she eventually opted out. [Doc. No. 21] ¶ 26. Plaintiff alleges she was later defaulted back into the Plan in 2022 without her knowledge. *Id.*
[3] The PMP fee is calculated as "0.27% of assets under management balances up to $100,000, the next $150,000 is 0.20%, and the annual Program fee for additional assets is 0.10%." *Id.* ¶ 102

Hanigan filed this class action complaint alleging two claims under the Employee Retirement Income Security Act ("ERISA"): (1) breach of the duty of prudence due to excessive administration fees and (2) breach of the duty to adequately monitor trust investments. *Id.* at 26-28. Hanigan brings this Amended Complaint and seeks to certify a class of over 15,000 individuals, which includes "[a]ll participants and beneficiaries of the [Plan] (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) beginning May 24, 2018, and running through the date of judgment." *Id.* ¶¶ 119, 120.

## II. STANDARD OF REVIEW

A complaint must "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must provide sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand [a motion to dismiss]." *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 517 (2014) (quoting *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993)). In deciding a motion to dismiss, the court must accept the facts alleged in the complaint as true and provide all reasonable inferences in favor of the non-moving party. *Westmoreland v. Brown*, 883 F. Supp. 67, 70 (E.D. Va. 1995).

## III. DISCUSSION

The Plaintiff's Amended Complaint alleges that the Defendants breached their duty of prudence by automatically defaulting Plan participants into the MA PMP plan which charged excessive administrative fees. [Doc. No. 21] ¶¶ 11-13. Plaintiff also alleges that the Defendants breached their duty to adequately monitor trust investments in light of these excessive fees. *Id.* ¶ 14. The Defendants' Motion argues that Plaintiff's Amended Complaint fails to state a claim upon

which relief can be granted and requests that the Court dismiss the Plaintiff's Amended Complaint. [Doc. No. 25] at 1-2.

### A. Breach of the Duty of Prudence

Under ERISA, the duty of prudence requires a fiduciary "to act 'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'" *Reetz v. Aon Hewitt Inv. Consulting, Inc.*, 74 F.4th 171, 182 (4th Cir. 2023) (quoting 29 U.S.C. § 1104). "A fiduciary must 'give[] appropriate consideration to those facts and circumstances that, given the scope of such fiduciary's investment duties, the fiduciary knows or should know are relevant to the particular investment.'" *Stegemann v. Gannett Co., Inc.*, 970 F.3d 465, 473 (4th Cir. 2020) (quoting 29 C.F.R. § 2550.404a-1(b)(1)(i)) (alteration in original). The duty includes the duty to investigate and monitor. *Id.* at 474; *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015).

To state a viable claim of breach of the duty of prudence under ERISA, a plaintiff must plead "direct facts demonstrating a deficient fiduciary process or circumstantial facts allowing a plausible inference that the fiduciaries' decision was outside of the 'range of reasonable judgments a fiduciary may make based on her experience and expertise.'" *Tullgren v. Hamilton*, No. 1:22-cv-856, 2023 WL 2307615, at *4 (E.D. Va. Mar. 1, 2023) (citing *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718–19 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Where a plaintiff alleges excessive fees demonstrate the breach of the duty of prudence, the plaintiff must also plead a "meaningful benchmark" or some "kind of context" as a point of comparison to determine whether the fee is "excessive relative to the services rendered." *Smith v. CommonSpirit Health*, 37 F.4th

1160, 1169 (6th Cir. 2022) (quoting *Young v. Gen. Motors Inv. Mgmt. Corp.*, 325 F. App'x 31, 33 (2d Cir. 2009) (per curiam)). The plaintiff must include some facts that demonstrate that the fees charged are "unreasonable in light of available alternatives." *Albert v. Oshkosh Corp.*, 47 F.4th 570, 583 (7th Cir. 2022).

The Amended Complaint must be dismissed for two reasons. First, the Amended Complaint does not plausibly allege a "meaningful benchmark" that demonstrates the MA PMP fees are excessive in relation to the services rendered. The Amended Complaint compares the MA PMP plan to five TDF plans, claiming that without personalization of the MA PMP plan, the asset allocations between these two kinds of plans are comparable. [Doc. No. 21] ¶ 15. However, the Amended Complaint fails to allege specific facts that plausibly demonstrate the services provided under the MA PMP plan are comparable to the services offered by the five comparator TDF plans. *See Miller v. Packaging Corp. of Am., Inc.*, No. 1:22-cv-271, 2023 WL 2705818, at *5 (W.D. Mich. Mar. 30, 2023) (dismissing a complaint for excessive recordkeeping and administrative fees because the plaintiff "provides no facts to support his contention that the RKA services provided to mega plans are generally the same, or that the recordkeepers in his chart provided essentially the same services as Alight.").

Second, the Amended Complaint also compares the $348 "administrative costs" for the MA PMP plan—which includes both the $24 administrative fee and the PMP fee—against only the administrative fees of the five TDF plans. *See* [Doc. No. 21] ¶ 109. Plaintiff does not provide the Court with any indication of what other account fees are charged to the TDF accounts in addition to the administrative fees listed in this chart. *See Garnick v. Wake Forest Univ. Baptist Med. Ctr.*, 629 F. Supp. 3d 352, 363-64 (M.D.N.C. 2022) (finding an "apples-to-oranges" comparison where a plaintiff compared both direct and indirect compensation against only direct

compensation to try and establish a meaningful benchmark). "At bottom, Plaintiff's claims are simply that PMP fees are too high—but that is not enough to state a plausible claim for imprudence." *Naylor et al v. BAE Syst,* No. 1:24-cv-536, WL 4112322, *8 (E.D. Va. Sept. 5, 2024). In short, Plaintiff has not alleged facts that provide any meaningful benchmark from which the Court may assess whether her fiduciary breach claim is plausible.

For these reasons, the Amended Complaint must be dismissed.

### B. Breach of Failure to Monitor

For a plaintiff to have a cognizable claim for the failure to monitor, there must be an underlying breach of fiduciary duty. *Garnick*, 629 F. Supp. 3d at 363. Because Hanigan's first Count is dismissed, the monitoring claim must also be dismissed. *See id.*; *see also In re Constellation Energy Grp., Inc.*, 738 F. Supp. 2d 602, 614 (D. Md. 2010).

### C. Request for Leave to File a Second Amended Complaint

At oral argument, Plaintiff's counsel moved the Court for leave to amend a second amended complaint if the Court granted the Defendants' Motion. In support of that request, Plaintiff's counsel referenced the substance of certain documents that were produced during discovery that allegedly support Plaintiff's allegations.[4]

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court must "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). It should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotations omitted). None of these grounds for denying the

---

[4] The Court did not consider the substance of any of these referenced documents in ruling on the present Motion to Dismiss. *See* Fed. R. Civ. P. 12(d); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011) (discussing that the district court erred in accepting statements made at oral argument as part of the pleadings in ruling on a motion to dismiss).

request for leave appear present here, and for these reasons, the Court will **GRANT** the motion for leave to file a second amend complaint.

## IV. CONCLUSION

For the above reasons, it is hereby **ORDERED** that the Motion to Dismiss, [Doc. No. 25], is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** with leave to file a second amended complaint within 15 days of this order.

October 18, 2024
Alexandria, Virginia

_____
Anthony J. Trenga
Senior U.S. District Judge